```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
       CHARLOTTE DIVISION
          3:14-cv-81-FDW
```

| | |
|---|---|
| LAKEITH BELLAMY, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )     **ORDER** |
| | ) |
| FNU PARSON, JOHN DOE, | ) |
| FNU MILLER, FNU WALL, | ) |
| FNU PIERCE, | ) |
| | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's pro se complaint that was filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

## I.     BACKGROUND

According to his complaint, Plaintiff was an inmate of the State of North Carolina and was housed in Lanesboro Correctional Institution when two unnamed inmates, or "Assailants," began throwing chairs at him and these actions were witnessed by Officer Lambert. A code for all available prison officers was quickly called to the scene and Officer Pierce was the first to enter the D-Block section of the prison whereupon he discharged mace which struck Plaintiff in the face, head and neck. Officer Pierce next handcuffed Plaintiff and removed him from D-Block and left him standing there blinded by the mace and vulnerable. One of the inmates who was apparently involved in the affray "stealthily approached" Plaintiff and was brandishing a weapon and later cut Plaintiff from his left ear and nearly damaged his jugular. Plaintiff alleges that Officer Pegee, who had also responded to D-Block, witnessed the unnamed inmate approach Plaintiff but he failed to intervene in an effort to address the potential attack. Plaintiff was then escorted from the area by Sgt. Lambert and Officer Pettigrew with the latter officer remarking that he was surprised that the unnamed inmate was able to get past Officer Pegee. Plaintiff was taken to Anson County Medical Center where he received 30 stitches and was released.

1

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III.   DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious– and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). The Supreme Court has held that prison officials' negligent failure to protect an inmate from assaults by other prisoners does not rise to the level of a constitutional violation. Davidson v. Cannon, 474 U.S. 344, 348 (1986). To show deliberate indifference, a plaintiff must allege that the prison official had actual knowledge of an excessive risk to the plaintiff's safety. Danser v. Stansberry, No. 13-1828, 2014 WL

2978541, at *5 (4th Cir. Sept. 12, 2014). In other words, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The Court finds first that Plaintiff has failed to state a claim for relief against Defendants Parson or Doe whom Plaintiff identifies as the superintendent and assistant superintendent of the prison, respectively. Plaintiff sued each of these defendants in their individual and their official capacity. For a defendant to be held liable under Section 1983 in his individual capacity, the plaintiff must demonstrate that the defendant personally participated in the alleged denial of rights. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978). There can be no liability under Section 1983 based on respondeat superior or other theories of vicarious liability. Id. Rather, liability under Section 1983 attaches only upon personal participation by a defendant in the constitutional violation. Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). A supervisor may be liable for constitutional violations of subordinates if the supervisor participated in, directed, or knew of the violations and failed to act to prevent them. See Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). The Court finds that Plaintiff has failed to state a claim against these defendants because Plaintiff's contention that they had any knowledge about the high rates of assault or about what appears to be this spontaneous assault is simply conclusory.

Plaintiff identifies Defendant Miller as the officer in charge during the assault alleged in the complaint, and he maintains that Lieutenant Miller is liable in both his individual and official capacity due to his "acquiescence to the high rates of assault and the known violence problem" within the prison. This contention also fails to state a claim for relief because it does not appear from the face of the complaint that Lieutenant Miller had any prior knowledge that this particular assault would occur and according to Plaintiff, as soon as the assault ensued, officers were ordered to respond to the scene.

Plaintiff sues Defendant Wall in his individual and official capacities based, again, on his contention that his knowledge regarding high rates of assaults within the prison amounts to deliberate indifference and a "tacit authorization of the pre-existing policies that thus far had failed to remedy the known violence." This allegation does not, however, amount to deliberate indifference because there is simply no indication, even assuming high rates of assault, that Defendant Wall had any prior knowledge that the two unnamed assailants would attack Plaintiff. The claims against Defendant Wall will be dismissed for failure to state a claim.

Plaintiff contends that Defendant Pierce should be liable in his individual and official capacities because he also knew about high rates of assault and failed to take preventive action – although he does not suggest what such action should have been taken to dissuade the two unnamed inmates – thus he alleges a failure to protect. In particular, Plaintiff appears to contend that Defendant Pierce was negligent in administering pepper spray and then moving Plaintiff from D-Block and leaving him standing in the area where he was later cut. First, Plaintiff does not fairly allege a claim of excessive force against Pierce in gaining control over Plaintiff and removing him from the very cell block where the melee was initiated and apparently still ongoing. Second, Plaintiff has failed to state a claim of deliberate indifference under the Eighth Amendment because his allegations fail to demonstrate that Pierce had any knowledge that Plaintiff would later be attacked. Accordingly, at best, Plaintiff has state a claim for negligence which will not lie in this Section 1983 action.

Finally, Plaintiff alleges that Defendant Pegee should be liable in his individual and official capacity (1) because he knew about the high rate of assaults in the prison, and (2) because he failed to intervene when one unnamed assailant approached him with a weapon. The first contention will be rejected for the reasons stated previously, namely, Plaintiff's contention that Pegee knew of the high rate of assaults is conclusory. As to the latter contention, Plaintiff alleges

that Defendant Pegee observed an inmate leave D-Block – the scene of the initial assault – and stealthily "approach plaintiff while brandishing a weapon." However, Plaintiff admits in his complaint that he was blinded by the mace while he was in D-Block and even when he was removed to the place of the further assault, thus it is unclear how he could have seen Defendant Pegee observe the approaching assailant. And even the statement Plaintiff attributes to Officer Pettigrew that questioned how the assailant could have gotten past Defendant Pegee, does not, without more, indicate a deliberate indifference to protect Plaintiff rather only a claim for negligently failing to act. (3:14-cv-81, Doc. No. 1: Compl. ¶¶ 13, 14, 17). See Pressley v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987) (citing Davidson supra); see also Farmer, 511 U.S. at 837 (an officer "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."). As Plaintiff admits that he was unable to see the approaching assailant, then it follows that he cannot demonstrate a prima facie claim that Defendant Agee also saw the assailant and deliberately failed to act.

For the reasons stated herein, the Court finds that Plaintiff's has failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Plaintiff's motion for entry of default is **DENIED**. (Doc. No. 7).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: January 28, 2015

Frank D. Whitney
Chief United States District Judge